11-3835-cr (L)
United States v. Tien

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Argued:  May 14, 2013     Decided:  June 26, 2013)

Docket Nos. 11-3835-cr (L) 12-812-cr(CON) 11-3871-cr(CON)
12-833-cr(CON)

----------------------------------------------------x

UNITED STATES OF AMERICA,

Appellee,

-- v. --

YANG CHIA TIEN, AKA Andrew Tien,

Defendant-Appellant.

----------------------------------------------------x

B e f o r e :  CHIN and LOHIER, Circuit Judges, and KEENAN,

District Judge.*

Defendant-Appellant appeals from two judgments of
conviction entered in the United States District Court for the
Northern District of New York by Chief District Judge Gary L.
Sharpe after Tien pleaded guilty to (1) three counts of bribery
of a public official and (2) one count of forgery of a passport.

VACATED AND REMANDED.

---

* The Honorable John F. Keenan, United States District Judge
for the Southern District of New York, sitting by designation.

PAUL D. SILVER, Assistant United States Attorney, for RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, Albany, N.Y., for Appellee.

MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, N.Y., for Defendant-Appellant.

KEENAN, District Judge:

After Defendant-Appellant Yang Chia Tien ("Tien" or "Appellant") was indicted in 2009 in the Northern District of New York for bribing an Immigration and Customs Enforcement ("ICE") employee to grant Lawful Permanent Resident status to an alien, and in 2010 in the Eastern District of New York for furnishing a forged passport, his cases were consolidated in the Northern District. Ultimately, Tien pleaded guilty in both, at separate conferences held sixteen months apart, and now appeals the pleas on the ground that he did not understand the proceedings. We hold that both pleas violated Federal Rule of Criminal Procedure 11 and, accordingly, we vacate and remand.

## I. Statement of the Case

### A. Indictment and Plea in the Northern District

On March 27, 2009, Tien was indicted in the Northern District on three counts of bribing an employee of ICE, in an

2

attempt to influence the employee to classify an alien as a Lawful Permanent Resident, in violation of 18 U.S.C. § 201(b)(1)(A). On January 19, 2010, the day the trial was set to begin before Judge Sharpe, Tien pleaded guilty, without a plea agreement, to all three counts. (A-83-108.) Tien's attorney told the district court that he had spoken to Tien through a Mandarin interpreter and that Tien understood the constitutional rights he was waiving as well as the consequences of the guilty plea. (A-85-86.)

During its colloquy with Tien (through the interpreter), the district court first inquired about Tien's age and state of mind. In telling the Court his age, he said he was "[a]bout 80 -- about 60. 58." (A-96.) Next, he told the district court that he was on medication for blood pressure, diabetes, and pain. The conversation went as follows:

> The Defendant: For number one is for the diabetes, which I, I was -- for the diabetes since back to 1997. And the second one is for the high blood pressures. And that one I got about three years. And since 2007 to now, I had a surgery on my neck and that leads to two more. And that is for the nerves problems. Right here. So right now, here, the medicine I have, I have all painkillers all in the top because the next and maybe more, more back.
> The Court: Have you taken your pills like you're supposed to?
> The Defendant: Yes. Every day.
> The Court: Is there anything about the medicine that you're taking that prevents you from understanding this conversation with me?
> The Defendant: Basically, the talking between you and me in the last time, I might be understanding 50 percent.

3

I think it's at least.  That's because they're one kind of
. . .
    Mr. Monahan [Defense counsel]:  Your Honor, if I may
just . . . respectfully, what I think the Court is asking
is, does your medication affect your ability to hear or
think?
    The Defendant:  Yeah.  I'm talking about this . . . He
said the medication.  The one in the reddish color causes
depression, can cause depression.  It's called --
    The Court:  Here's what I'm asking . . . Do you
understand me?
    The Defendant:  No.  We talk, I would say mostly I can
understand.  But before, when you talk to the attorney, and
I don't perfect understand.  Therefore, last time, I got
just maybe half.
    The Court:  Let me try this a different way.  The
reason we have the interpreter here is so that they can
tell you what it is I'm saying.
    The Interpreter:  He's saying that the medication is
making -- may have an impact on his nerves.
    The Court:  What I want to know is whether you
understand me with the help of the interpreter.
    The Interpreter:  Yes.  He can understand.
    The Court:  All right.  If at any time you have any
question about what I'm saying, tell the interpreter you're
having a problem, and she will tell me you're having a
problem.  Okay?
    The Defendant:  Okay.

(A-97-98.)

The district court informed Tien about his right to go to

trial, that the Government has the burden of proof, and that he

may participate in his own defense if he so chose.  Tien said he

understood.  (A-99-101.)  The district court next reviewed the

consequences of pleading guilty, the maximum sentence, and

supervised release.  (A-99-100.)  Tien again indicated that he

understood.  The district court also confirmed with Tien that he

4

was not pressured into or threatened to induce a guilty plea and that it was his "free choice." (A-103.)

Finally, since there was no written allocution, the Court looked to the factual allegations set forth in a prior plea agreement the Government had offered Tien, but had since withdrawn. Judge Sharpe asked the interpreter to translate the paragraph for Tien, and the following conversation ensued:

> The Court: Are those facts true?
> The Defendant: Basically, yes.
> The Court: What's that mean, "basically"?
> The Defendant: The answer is yes.

(A-104.) The district court then accepted Tien's guilty plea.

On August 25, 2010, Tien filed a pro se motion to withdraw his guilty plea in the bribery case. He argued that he had a "good and substantial defense to the charges" and that there was a "fair and just" reason to allow him to withdraw his plea, in that he was not guilty. Tien also argued that the guilty plea violated the "tenor of Rule 11(b)(1)(C) through (E)" because at the time of the plea he "did not fully understand his rights." (A-123.) Tien alleged that his attorney misled him by representing that "if he agreed to plead guilty . . . , the Government had agreed not to pursue any further prosecutions against him." Tien stated that the Government's representation turned out to be false, since he was prosecuted in the Eastern District for a passport fraud scheme.

5

In a one-paragraph order issued on December 22, 2010, the district court denied Tien's motion to withdraw his guilty plea in the bribery case, finding that "[t]here is no[] factual basis for the motions to withdraw the guilty plea." (A-167.)

## B. Eastern District Indictment and Guilty Plea

On May 18, 2010, Tien was indicted in the Eastern District on one count of furnishing a forged passport, in violation of 18 U.S.C. § 1543. The parties consented to transfer the case to Judge Sharpe in the Northern District. On May 24, 2011 (about sixteen months after he pleaded guilty to the bribery charges), Tien entered a plea of guilty to the single forged passport count, pursuant to a plea agreement.

At the plea, Judge Sharpe confirmed that Tien had reviewed the plea agreement with his attorney. The Court then told Tien:

> Mr. Tien, this is the same kind of proceeding that we did based upon the charge here in the Northern District of New York. And just as in the former charge here in the Northern District, I need to be satisfied that you understand the consequences of pleading guilty to this Eastern District charge, that it's your free choice to do so and there are facts that would support your admission to the crime.

(A-332.) Tien said he understood and was sworn. The Court then said:

> Since I accepted Mr. Tien's plea to the Northern District charge, I will incorporate into the record of these proceedings all the answers he gave me during the prior proceedings. I will, therefore, focus on those events that are relevant to this charge out of the Eastern District.

6

(A-333.)  Judge Sharpe reviewed Tien's right to a trial, the maximum penalties connected with his guilty plea, and the various rights he waived by entering a guilty plea.  The Government then proffered the factual allegations as described in the plea agreement, which Tien acknowledged as true upon pleading guilty.  (A-334-337.)

After accepting the plea, the district court observed the following:

> As I always do, I've watched Mr. Tien as he and I have spoke.  I may have said this the last time, but I repeat it this time:  It's clear to me that Mr. Tien has some fundamental understanding of English, but I have watched as he and the interpreter have spoken and it is clear to me that he understands the consequences of pleading guilty, it's his free choice to do so, and there is a factual basis that would support his plea.

(A-337.)

Judge Sharpe sentenced Tien to eight months on the forged passport case, six of which were to run consecutively to a sixty-three month sentence imposed in the bribery case.  (A-194-195.)

## II. Discussion

### A. Statement of Law

"It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently."  Wilson v.

7

McGinnis, 413 F.3d 196, 199 (2d Cir. 2005) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). A district court may not accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Federal Rule of Criminal Procedure 11 sets forth requirements of the district court's plea allocution to assist the court with "making the constitutionally required determination that a defendant's guilty plea is truly voluntary." McCarthy v. United States, 394 U.S. 459, 465 (1969). The district court must advise the defendant of the right to plead not guilty, the rights waived by pleading guilty, and other consequences of pleading guilty, such as the maximum penalties he faces, "including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1); see Zhang v. United States, 506 F.3d 162, 168 (2d Cir. 2007) ("Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice." (internal quotation marks omitted)).

Where a Rule 11 violation is raised in the district court, we review for harmless error, but where the defendant has remained silent in the district court, he has the burden of satisfying the plain error standard on appeal. See United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012). The

8

Government appears to argue that the court should review both pleas for "plain error," but does not address the fact that in the bribery case, Tien filed a pro se motion to withdraw his plea, in which he included that the plea "violated the tenor" of Rule 11. In light of the fact that Tien raised the Rule 11 argument before the district court, the plea in the bribery case will be reviewed for harmless error. Because no such objection was interposed in the forged passport case, that plea will be reviewed for plain error. See id.; see also United States v. Vonn, 535 U.S. 55, 60-62 (2002).

In demonstrating harmless error, "it is not enough to negate an effect on the outcome of the case." United States v. Dominguez Benitez, 542 U.S. 74, 81 n.7 (2004). Rather, the Government must prove that the error was harmless beyond a reasonable doubt. Id. On the other hand, to show plain error in the context of Rule 11, "a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009) (quotation omitted).

**B. Guilty Plea in the Bribery Case**

Tien argues that the district court did not adequately inquire into whether he understood the proceedings during his

first guilty plea. The Government maintains that because the district court ascertained that Tien's medications affected only his nerves, and advised Tien to let the interpreter know if he was "having a problem," no further inquiry was required. In this case we believe that the district court should have inquired further into Tien's ability to offer his plea before it could proceed.

Many of the answers that the Appellant provided at the outset of the plea should have caused the district court to conduct further investigation into whether Tien understood the proceedings. As an initial matter, Tien had difficulty even providing his age; he first said he was 80-years-old, and provided two more answers, the first of which was his correct age (60). (A-96.) Next, he told the judge that he understood only fifty percent of what was happening. When Tien's counsel attempted to clarify the situation, asking Tien whether his medications affected his ability to "hear or think," Tien responded, "[y]eah." (A-97.) Upon being asked again whether Tien understands the court, Tien said "No." (A-98.) Without an on-the-record statement from the defendant that he understood the proceedings, the district court should not have continued with the plea.

This does not appear to be merely a language barrier that was ameliorated by using an interpreter during the plea. The record below does not reflect that the interpreter helped Tien comprehend the proceedings or the consequences of his guilty plea. The district court inquired only into whether Tien could understand the interpreter, which is entirely different from whether Tien understood the proceedings.

Moreover, once the district court learned that Tien was on a series of medications, there should have been further inquiry into the specific medicines and their side effects. In United States v. Rossillo, 853 F.2d 1062 (2d Cir. 1988), the district court was informed that the defendant took drugs for a heart condition, yet conducted no further inquiry. In vacating the defendant's guilty plea, this Court held,

> the district court's failure to further question defendant about any medication he was taking for his heart condition, the possible effects that that medication might have on his decision to plead guilty, and his ability to understand the plea proceedings, dictates, consistent with our prior holdings . . . that we once again reaffirm our commitment to strict compliance with Rule 11. We believe that if there is any indication, as there was in this case, that defendant is under the influence of any medication, drug or intoxicant, it is incumbent upon the district court to explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty. We know of no other way to ensure both that defendant understands the constitutional rights that he is relinquishing by pleading guilty and that the plea is truly voluntary.

Id. at 1066 (emphasis in original).

11

Here, the district court learned that Tien took medications, yet did not make an on-the-record finding as to the side effects of the medications and whether they interfered with his understanding of the proceedings. Indeed, there is no indication that after the district court learned that Tien took medications, it endeavored to ascertain whether they could impact his ability to proceed. See id.; see also United States v. Parra-Ibanez, 936 F.2d 588 (1st Cir. 1991) (vacating sentence where district court learned that defendant was taking medications that affected his nerves but failed to probe deeper into the medications, even though the judge received assurances from the Appellant that he understood the proceedings). This critical omission precludes a finding that Tien's plea in the bribery case was knowing and voluntary, and dictates that the plea be vacated.

### C. Guilty Plea in the Forged Passport Scheme

Tien next argues that his plea in the forged passport case was insufficient because (1) the district court erred by "incorporating" Tien's answers from his plea to the bribery charges into the record of his plea to the passport scheme charges, and (2) that the District Court failed to establish that the plea was knowing and voluntary, omitting the requirements of Rule 11(b)(1) and (2), and "focus[ing only] on

those events that are relevant to this charge." (A-333.) The Government did not address this issue in its brief.

Unlike the first plea, the district court in this plea failed to ask any questions about the medicine Tien was taking. This is especially glaring because the district court learned at a plea just sixteen months earlier that Tien was on myriad medications. As discussed above, when a court learns that a defendant is on medications, it must determine on the record that they are not interfering with the defendant's understanding of the plea. The district court failed to (1) ascertain whether Tien was still taking the medications he reported taking sixteen months earlier, (2) ask about the effects of Tien's medications, and (3) conduct an inquiry into the defendant's state of mind. As a result, Tien did not have the opportunity to express confusion or demonstrate an inability to render a knowing and voluntary plea.

Additionally, Rule 11(b)(1) is not satisfied by reference to an earlier plea. Even if the first plea were adequate, it is not always the situation that a knowing and voluntary plea in one case necessarily means the second plea will occur under the same circumstances. Here, the district court improperly conflated the proceedings, assuming the defendant was taking the same medications at the time of the next plea, and that he

13

remembered the proceedings from the plea that happened sixteen months earlier.

In vacating Tien's plea in the forgery case, this Court holds that the district court committed plain error. First, as the Rossillo court has made clear, failure to inquire into the effects of medications on a defendant's state of mind is a substantial defect calling into question the validity of the plea, see Rossillo, 853 F.2d at 1066. Second, we conclude that there is a reasonable probability that Tien would not have entered the plea if Tien's medications and comprehension had been properly examined. Indeed, had Tien provided answers similar to those he provided in the first plea, such as that he understood only about fifty percent of what was happening, the district court should have rejected the plea. This conclusion is further supported by the fact that Tien had already filed a motion to withdraw his prior plea. Accordingly, we conclude that the district court's error affected Tien's substantial rights.

Finally, we find that the fact that the District Court stated that it believed the Appellant understood what was happening because it observed Tien is insufficient. The Supreme Court and this Court have both held that a plea will not be considered voluntary when a district court "resorts to

14

'assumptions' not based upon recorded responses to his inquiries." McCarthy, 394 U.S. at 467; see also Rossillo, 853 F.2d at 1065 (Rule 11 violated where district judge "assumed" defendant's medication did not interfere with defendant's ability to comprehend proceedings).

In finding plain error, we note that this Circuit has "adopted a standard of strict adherence to Rule 11," United States v. Lora, 895 F.2d 878, 880 (2d Cir. 1990), and "therefore . . . 'we examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights ha[s] been compromised.'" United States v. Maher, 108 F.3d 1513, 1520 (2d Cir. 1997) (quoting United States v. Parkins, 25 F.3d 114, 117 (2d Cir. 1994)).

### III. Conclusion

The remainder of Tien's arguments need not be addressed, as the Court concludes that neither plea was knowing and voluntary. For the foregoing reasons, Tien's convictions are VACATED and the cases are REMANDED to the district court for proceedings consistent with this Opinion.