14-436-cr
*United States v. Jimenez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand fifteen.

Present:     Barrington D. Parker,
             Peter W. Hall,
             Debra Ann Livingston,
                     *Circuit Judges*,

_____

United States of America,

                     *Appellee*,

        v.                                          No. 14-436-cr

Carlos Lorenzo Jimenez,

             *Defendant-Appellant.*

_____

FOR APPELLANT:          JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

FOR APPELLEE:           NATHAN D. REILLY and DAVID C. JAMES, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

_____

Appeal from the United States District Court for the Eastern District of New York

(Korman, *J.*).

1

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court is AFFIRMED and that the case is REMANDED for the limited purpose of conforming the written judgment to the judgment announced in court.

Defendant-Appellant Carlos Lorenzo Jimenez challenges the validity of his plea and the reasonableness of his sentence. (Korman, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Jimenez's contention that his plea colloquy was insufficient under Federal Rule of Criminal Procedure 11 is without merit. Jimenez has failed to demonstrate that the district court committed plain error, as he must because he neglected to raise the issue before the district court. *See United States v. Yang Chia Tien*, 720 F.3d 464, 469 (2d Cir. 2013). Contrary to Jimenez's contention, the record does not show that the magistrate judge's discussion of the potential immigration consequences of his plea was affirmatively misleading. Even under Jimenez's interpretation of the colloquy, the magistrate judge accurately informed him that deportation was a potential consequence of his plea. *See Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007) ("If the statements were accurate at the time they were made, then they could not reasonably be said to be misleading and could not have rendered [defendant's] guilty plea involuntary."). Moreover, other documents that Jimenez signed, and which were translated for him, make clear that he was aware that deportation following a guilty plea was presumptively mandatory and that he wished to plead guilty regardless. He, therefore, cannot demonstrate a reasonable probability that but for the magistrate judge's supposed error, he would not have pleaded guilty. *See United States v. Adams*, 768 F.3d. 219, 223 (2d Cir. 2014) ("To satisfy the plain error standard applicable in this case, however, the defendant must also establish 'a

2

reasonable probability that, but for the error, he would not have entered the plea.'" (quoting *Yang Chia Tien*, 720 F.3d at 469)).

Jimenez has similarly failed to demonstrate that the district court abused its discretion when it sentenced him to a term that included two years of supervised release. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1] While defendant may have preferred a sentence that did not include any term of supervised release, the term imposed was three years below the statutory minimum and at the very bottom of the guidelines range. It is clear from the record that the district court considered all of the sentencing factors when reaching its decision and a two-year term of supervised release is "'within the range of permissible decisions'" based on the facts of this case. *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

All parties agree that, while the district court orally sentenced Jimenez to a two-year term of supervised release, the written judgment incorrectly indicates a three-year term of supervised release. A remand to correct the written judgment to impose the term announced at the time of sentencing is therefore appropriate. *See, e.g., United States v. Carr*, 557 F.3d 93, 109–10 (2d Cir. 2009).

We have considered Jimenez's remaining arguments and find them to be without merit.

Accordingly, with the exception noted above regarding the written form of the judgment, the judgment of the district court is **AFFIRMED**. This case is **REMANDED** to the District Court, however, for the limited purpose of correcting the written judgment to conform it to the judgment announced at the time of sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Jimenez only challenges the substantive reasonableness of his sentence.

3