*United States v. Re*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand seventeen.**

PRESENT:
>      ROBERT A. KATZMANN,
>           *Chief Judge*,
>      AMALYA L. KEARSE,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges*.

---

UNITED STATES,

                     *Appellee*,

          v.                                              No. 15-1629

JOHN RE,

                     *Defendant-Appellant*.

---

For Appellee:                          Andrew C. Adams and Micah W.J. Smith, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                    Brendan White, White & White, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**. However, the case is **REMANDED** solely for the purpose of allowing the District Court to amend the written judgment to satisfy the ministerial duty of entering the reasons for the sentence imposed in a statement-of-reasons form, as required by 18 U.S.C. § 3553(c)(2).

Defendant-appellant John Re appeals from a sentence and a final judgment of conviction entered on May 13, 2015, by the United States District Court for the Southern District of New York (Castel, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Re pleaded guilty to one count of wire fraud related to devising and carrying out a nine-year scheme to defraud purchasers of artwork by selling more than 74 paintings that Re falsely and fraudulently represented were authentic paintings by prominent artists Jackson Pollock and Willem de Kooning. The stipulated sentencing Guidelines range for Re's offense was 37–46 months' imprisonment, and the district court sentenced Re to 60 months' imprisonment. Re now challenges the validity of his guilty plea and the reasonableness of his sentence. He argues that the district court did not properly ensure that Re was competent to enter a guilty plea given Re's psychiatric history; the fact that he was taking medications at the time of his plea proceeding; and his supposedly problematic responses to certain questions posed at the plea hearing. Re also contends that he received ineffective assistance of counsel because his trial counsel failed to

determine adequately whether Re was competent to enter the plea. Finally, Re challenges the district court's sentence as both procedurally and substantively unreasonable.

Roy first alleges that the district court allowed him to plead guilty without adequately determining that Re could enter the plea knowingly, intelligently, and voluntarily, in violation of Fed. R. Crim. P. 11. Rule 11 is designed to ensure that a defendant's guilty plea conforms with the requirements of due process, including the requirement that a plea be knowing and voluntary. *See McCarthy v. United States*, 394 U.S. 459, 465–66 (1969); *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012). "As [Re] failed to raise any claim that Rule 11 was violated in the court below, we review this claim, asserted for the first time on appeal, for plain error." *United States v. Adams*, 768 F.3d 219, 223 (2d Cir. 2014) (per curiam). "In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

At the plea proceeding, the court questioned Re about both his psychiatric treatment and his medication, as well as the effect of those medications on defendant's mental state, precisely as required by Rule 11. *See United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988). The defendant's responses to the district court's questioning at the hearing were not such as to undermine the court's finding that he was competent. *See United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) ("It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial."). Re stated that the medications he was on "[s]ometimes . . . make things *more* clear," Plea Tr. at 4:13 (emphasis added), and affirmed that he could "understand what's being said clearly," *id.* at 5:9–10. The court also inquired of the two

attorneys defending Re, and they informed the court that they had communicated extensively with Re and believed that defendant was capable of understanding the nature of the proceedings and was competent to plead guilty, which "provides substantial evidence of the defendant's competence." *Vamos*, 797 F.2d at 1150. In light of these circumstances and the district court's thorough questioning of the defendant, we see no plain error in failing to do more. *See United States v. Andrades*, 169 F.3d 131, 135 (2d Cir. 1999) ("A district court is not required to follow any particular formula in determining that defendant understands the nature of the charge to which he is pleading guilty."). Defendant, moreover, "has not demonstrated any reasonable probability that he would not have pleaded guilty, or that the judge would not have accepted his plea, if the district court had inquired [further] about his medical condition or medications," *Adams*, 768 F.3d at 223, because he has "not link[ed] [his] mental illness" — dissociative identity disorder — "to [his] competency to stand trial," *Vamos*, 797 F.2d at 1151.

In addition to his Rule 11 claim, Re argues that his trial counsel provided ineffective assistance by permitting him to plead guilty without adequately ensuring that Re was competent to enter the guilty plea. "To allege a successful ineffective assistance of counsel claim a defendant must show that: (1) counsel's performance was unreasonably deficient under prevailing professional standards, and, (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different." *United States v. Torres*, 129 F.3d 710, 716 (2d Cir. 1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)). Because, as discussed above, Re has not demonstrated a reasonable probability that the judge would not have accepted his plea if his counsel had further inquired into his mental state, Re cannot establish that his counsel was ineffective.

4

Re also contends that his sentence is both procedurally and substantively unreasonable. We review a district court's sentence for reasonableness, which has both a procedural and a substantive component, *see United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009), each of which is reviewed under the abuse of discretion standard, *see United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

Re argues that the district court "fail[ed] adequately to explain the chosen [above-Guidelines] sentence," and thus committed procedural error, *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), because it did not "specify the aspects of Mr. Re's conduct or criminal history that were not already contemplated by the applicable Guidelines range," Def. Br. 39. When the district court imposes a sentence outside of the Guidelines range, it must state "the specific reason for the imposition of a sentence different from that [recommended], which reasons must also be stated with specificity in a statement of reasons form." 18 U.S.C. § 3553(c)(2). The district court explained that its above-Guidelines sentence was motivated by, *inter alia*, the facts that Re was "a facile liar," Sent. Tr. at 29:10, who produced fake documentation of his title to the paintings, *id.* at 30:10-11, and from whom the "public . . . need[s] to be protected," *id.* at 33:13. The court also identified factors that are atypical of fraud offenses, such as the fact that Re had implicated an elderly woman with dementia in his ruse, *id.* at 30:3-9, and had threatened at least one buyer with bodily harm, *id.* at 31:7-8. Finally, the district court emphasized that the duration of the fraud, which lasted nine years, merited an above-Guidelines sentence. *Id.* at 33:16-20. This explanation did not merely reiterate items already contemplated by Re's total offense level under the Guidelines, and was more than sufficient to discharge the court's obligation to "explain the chosen sentence." *Robinson*, 702 F.3d at 38 (citing *Gall*, 552 U.S. at 51).

Nevertheless, we note that the court did not comply with the ministerial requirement of written memorialization set forth in § 3553(c)(2). The portion of the Statement of Reasons (SOR) calling for the sentencing judge to explain the facts justifying a sentence outside the advisory guideline system was left blank. "Accordingly, although we do not identify any procedural error warranting resentencing in this case, we remand solely to permit the district court to amend its written judgment to satisfy the ministerial duty to memorialize its stated reasons for sentencing as required by § 3553(c)(2)." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008).

Re also argues that the sentence was substantively unreasonable. On appeal, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). It is "the sentencing judge['s role] to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. . . . [and this warrants the] deferential abuse-of-discretion standard of review that applies to all sentencing decisions." *Gall*, 552 U.S. at 51–52 (internal quotation marks omitted).

As noted above, the court based the length of the sentence principally on Re's deception, the depth of his planning, and the nine-year period during which "he had ample time to consider and reflect on his actions." Sent. Tr. at 33:16–20. The court considered mitigating circumstances including the illnesses of Re's family members and Re's own mental health issues, but also

pointed to Re's "long string of convictions dating back" nearly 35 years. *Id.* at 31:15–16. Given these considerations, the district court's sentence is not outside the range of permissible decisions, and so the court did not abuse its discretion in sentencing Re to a term of imprisonment outside the Guidelines range.

We have considered all of Re's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**, but the case is **REMANDED** for the limited purpose of allowing the district court to amend the written judgment to satisfy the ministerial duty to memorialize the stated reasons for the sentence as required by 18 U.S.C. § 3553(c)(2).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7