United States v. Prettyman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          19-575-cr

ANTHONY J. PRETTYMAN,

*Defendant-Appellant.*

---

FOR PLAINTIFF-APPELLANT:               Malvina Nathanson, New York, NY.

FOR APPELLEE:                                   Monica J. Richards *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 5, 2019 judgment of the district court is **AFFIRMED**.

In October 2016, Anthony J. Prettyman was arrested for transporting furanyl fentanyl. He pled guilty to conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of furanyl fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Throughout his pretrial hearings, Prettyman expressed some confusion and explained that he had difficulty obtaining medications for his mental-health issues. At his change-of-plea hearing, Prettyman informed the court that he was taking hydroxyzine and lithium but he assured the court that he did not believe they were affecting his ability to understand the proceeding. When the court questioned Prettyman to ensure that there was a factual basis for his plea, Prettyman answered evasively, and defense counsel repeatedly tried to clarify Prettyman's answers to the court. At one point, the court directed defense counsel to have a discussion with Prettyman off the record to determine if he was ready to enter a guilty plea. Back on the record, Prettyman answered questions with "yes" and "no" and did not express any further misunderstandings.

Prettyman argues that we should vacate his conviction for two reasons. First, he asserts that the district court abused its discretion by failing to order a competency examination *sua sponte* pursuant to 18 U.S.C. § 4241(a). Second, he contends that the district court did not follow the requirements of Federal Rule of Criminal Procedure 11 to ensure that his guilty plea was knowing and voluntary because the court failed to inquire about the side effects of his medications before accepting his plea. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Competency Hearing

We review a district court's determination not to order a competency hearing *sua sponte* for abuse of discretion. *United States v. Quintieri*, 306 F.3d 1217, 1232–33 (2d Cir. 2002). The Fourteenth Amendment's Due Process Clause "prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Id*. at 1232 (citation omitted). A court shall order "a hearing to determine the mental competency of the defendant" "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). This is a "highly particularized assessment that varies in each case." *United States v. DiMartino*, 949 F.3d 67, 71 (2d Cir. 2020) (internal quotation marks omitted). As such, "we afford district courts wide latitude to reach conclusions as to both 'reasonable cause' and a criminal defendant's overall competence to stand trial." *United States v. Arenburg*, 605 F.3d 164, 165 (2d Cir. 2010).

Here, the district court acted well within its discretion by deciding not to order a competency hearing *sua sponte* before accepting Prettyman's guilty plea. Prettyman argues that the district court was obligated to order a competency hearing because it "was aware that [he] had mental health problems, . . . that [he] was having difficulties in obtaining the correct medication, . . . [that he] frequently expressed his confusion about what was going on, and [that he] interrupted the plea-taking process by questioning many of the factual assertions that were the foundation of his plea." Appellant Br. 21. It is true that the district court was well aware of Prettyman's mental-health issues and repeatedly discussed them with Prettyman and his counsel. But as the district noted, "[h]aving mental health conditions is not tantamount to a finding that somebody is not competent to proceed." App'x 87; *see United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986)

("[S]ome degree of mental illness cannot be equated with incompetence to stand trial."). And Prettyman repeatedly assured the district court that he understood the explanations provided to him during pretrial hearings and at the change-of-plea hearing. When he did not understand, he asked for clarification, which the district court and his attorney provided. *See, e.g.*, App'x 33 ("COURT: Mr. Prettyman, do you understand what we're talking about? PRETTYMAN: No.", after which the court sent Prettyman to discuss the matter with his counsel before proceeding); *id*. at 141–43 (district court explaining the difference between an information and an indictment after Prettyman expressed confusion). Furthermore, when the district court brought up the possibility of a competency hearing, Prettyman's counsel repeatedly assured the court that his client did not need one. *See* App'x 36 (after the district court brought up a mental competency examination, Prettyman's counsel assured the court, "[t]hat's not what I'm asking [for]"); *id*. at 93 (Prettyman's counsel assured the district court that Prettyman is "doing better" with respect to "medical and psychiatric issues"); *id*. at 100 ("PRETTYMAN'S COUNSEL: Your Honor, in regard to . . . that one issue of mental competence, I would revoke or rescind my potential request. . . . [Prettyman] appears to be much more stable or very stable in regard to the issues we discussed in the past."); *id*. at 110 (Prettyman's counsel assured the court "[Prettyman] is in excellent shape"). Prettyman's counsel never indicated to the district court that Prettyman "had any difficulty assisting in preparation or in comprehending the nature of the proceedings," which provided "substantial evidence of [Prettyman's] competence." *Quintieri*, 306 F.3d at 1233.

In short, Prettyman's assurances of his own understanding, combined with repeated assurances by his counsel leading up to the change-of-plea hearing that a competency hearing was unnecessary, sufficiently dispelled any reasonable doubt about his competence. Under these circumstances, the district court did not abuse its discretion by not ordering a competency hearing

4

*sua sponte* under 18 U.S.C. § 4241.

II. Rule 11

We review an alleged Federal Rule of Criminal Procedure 11 error raised for the first time on appeal for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Yang Chia Tien*, 720 F.3d 464, 469 (2d Cir. 2013). Under plain error review, a defendant must demonstrate "an error that is plain and that affects substantial rights." *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009) (cleaned up). The appellant "bears the burden of persuasion on appeal to show that the district court committed plain error." *United States v. Gore*, 154 F.3d 34, 42 (2d Cir. 1998). And even if a defendant can do so, "courts of appeals should only exercise their discretion to correct the forfeited error . . . when the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Garcia*, 587 F.3d at 515 (internal quotation marks omitted).

Prettyman has not satisfied his burden of persuasion. He faults the district court for failing to "make any inquiry as to the possible effect that [his psychiatric] medication might have had on his mental state." Appellant Br. 32. Prettyman asserts that this failure, combined with his difficulty receiving the correct medications and his lack of understanding during the change-of-plea hearing, should have prompted the district court to inquire further whether his plea was knowing and voluntary before accepting it. But the district court did ask whether Prettyman's medications affected his ability to understand, so even if it had committed an error by not specifically asking about the medications' side effects, the failure to do so would not have risen to plain error. Moreover, Prettyman makes no argument that the error affected his substantial rights or "seriously affected the fairness, integrity or public reputation of judicial proceedings." *See Garcia*, 587 F.3d at 515. Thus, we affirm Prettyman's conviction on that basis.

5

\* \* \*

We have considered the remainder of Prettyman's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court