20-3617-cr(L)
United States v. Marcos D. Guzman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                      *Circuit Judges,*
             DIANE GUJARATI, [1]
                      *District Judge.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

        v.                                                    20-3617-cr(L);
                                                          20-3639-cr(con)

MARCOS D. GUZMAN,

     *Defendant-Appellant*.

_____

Appearing for Appellant:     Peter J. Tomao, Garden City, N.Y.

Appearing for Appellee:     Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

---

[1] Judge Diane Gujarati, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and it hereby are **AFFIRMED**.

Marcos D. Guzman appeals from the judgments entered against him on October 20, 2020 in the United States District Court for the Western District of New York (Wolford, *J.*). The judgment in docket No. 20-3617 was entered following his plea of guilty to one count of theft of firearms from the business of a federal firearms licensee in violation of 18 U.S.C. §§ 922(u), 924(m) and 2; and one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (2). Guzman was sentenced to a total of 240 months' imprisonment, three years of supervised release, a $200 special assessment and restitution in the amount of $41,500. The judgment in docket No. 20-3639 was entered following his plea to one count of fraudulent misrepresentation about the receipt of a military decoration or medal in violation of 18 U.S.C. § 704(b). He was sentenced to eight months' imprisonment, a one-year term of supervised release, and a $25 special assessment, with his terms of imprisonment and supervised release to run concurrently with the sentence imposed in docket No. 20-3167. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A district court's acceptance of a guilty plea is reviewed for plain error where, as here, the defendant did not raise any Rule 11 objections before the district court. *See Greer v. United States*, 141 S. Ct. 2090, 2098, 2100 (2021); *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013). A defendant seeking to establish plain error must demonstrate that "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (internal quotation marks and citation omitted). In analyzing a Rule 11 challenge, a court may find the defendant's substantial rights affected only where there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks and citation omitted).

Guzman argues that his guilty plea should be vacated because the district court failed to determine that he was competent to enter both guilty pleas. We disagree. The district court asked Guzman if he was on medications, inquired as to what condition each medication treated, and inquired as to whether the medications, or any other impairment, prevented him from understanding the proceedings and accepted his reply in the affirmative. His reliance on *United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988) and *United States v. Yang Chia Tien*, 720 F.3d 464, 470 (2d Cir. 2013) is misplaced. In both those cases, the district courts failed to ask the relevant questions about whether the medications interfered with the defendant's ability to enter a guilty plea. Here, the district court did. Guzman failed to demonstrate plain error.

Guzman also argues neither of his lawyers below provided him with effective assistance of counsel on the issue of whether he was competent to enter a plea of guilty given his mental health issues and use of various medications. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to

raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017) (internal quotation marks and citation omitted). "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record is "often incomplete or inadequate" with regard to such claims. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Finding the record incomplete, we decline Guzman's invitation to address his ineffective assistance of counsel claims on direct appeal.

We have considered the remainder of Guzman's arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk