*United States v. Boria*

# United States Court of Appeals
# for the Second Circuit

August Term 2025
Argued: October 24, 2025
Decided: February 4, 2026

No. 24-1871

UNITED STATES OF AMERICA,

*Appellee*,

v.

STEVE BORIA, AKA CHROME,

*Defendant-Appellant*.[*]

Appeal from the United States District Court
for the Southern District of New York
No. 17-cr-00142
Ronnie Abrams, *Judge*.

Before:   KEARSE, LOHIER, and PARK, *Circuit Judges*.

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Steve Boria took medications for sleeping problems and bipolar disorder the night before he pleaded guilty to conspiring to distribute cocaine and possessing a firearm. During the plea colloquy, the district court learned that Boria had taken these medications and asked several follow-up questions to confirm that Boria understood the proceedings and felt "clearheaded." Boria now argues that the district court violated Federal Rule of Criminal Procedure 11 and his constitutional rights because it did not sufficiently inquire into the side effects and other impacts of his medications. We disagree. Boria's conduct during the plea hearing raised no red flags, so the district court fulfilled its Rule 11 obligation to "explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty" by confirming that Boria understood the proceedings and felt clearheaded. *United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988). In any event, Boria fails to show plain error because there is no reasonable probability that he would not have pleaded guilty but for the alleged error. We thus **AFFIRM** the judgment of the district court.

Judge Lohier filed a separate opinion concurring in part and concurring in the judgment.

——————

SHAKIRA A. HENDERSON, Rule 46.1(e) Law Student (Michael W. Martin & Ian Weinstein, *on the brief*), Lincoln Square Legal Services, Inc., Fordham University School of Law, New York, NY, *for Defendant-Appellant*.

JACOB R. FIDDELMAN, Assistant United States Attorney, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

---

PARK, *Circuit Judge*:

Steve Boria took medications for sleeping problems and bipolar disorder the night before he pleaded guilty to conspiring to distribute cocaine and possessing a firearm. During the plea colloquy, the district court learned that Boria had taken these medications and asked several follow-up questions to confirm that Boria understood the proceedings and felt "clearheaded." Boria now argues that the district court violated Federal Rule of Criminal Procedure 11 and his constitutional rights because it did not sufficiently inquire into the side effects and other impacts of his medications. We disagree. Boria's conduct during the plea hearing raised no red flags, so the district court fulfilled its Rule 11 obligation to "explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty" by confirming that Boria understood the proceedings and felt clearheaded. *United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988). In any event, Boria fails to show plain error because there is no reasonable probability that he would not have pleaded guilty but for the alleged error. We thus affirm the judgment of the district court.

## I.  BACKGROUND

In April 2017, Boria was indicted alongside eighteen co-defendants for leading the "Slut Gang," which sold narcotics, carried

3

loaded guns, and committed acts of violence against rival gangs. Boria himself distributed at least 28 grams of crack cocaine between 2010 and 2017 and discharged a gun around February 2014.

After most of Boria's co-defendants pleaded guilty, Boria decided to do so too. During his plea hearing before Magistrate Judge Aaron, the following exchange took place:

> THE COURT: Are you currently or have you recently been under the care of a doctor or a mental health professional for any reason? . . .
> THE DEFENDANT: I'm not under the care of a doctor, but I do take medication.
> THE COURT: What medication do you take?
> THE DEFENDANT: For sleeping problems and bipolar.
> THE COURT: And for sleeping problems you take what type of medicine?
> THE DEFENDANT: Remeron. . . .
> THE COURT: Remeron. And when was the last time you took that medication?
> THE DEFENDANT: Last night.
> THE COURT: And what was the other medication that you mentioned? For being – for bipolar?
> [DEFENSE COUNSEL]: Your Honor, he doesn't know the name at the current time.
> THE COURT: When was the last time you took that medication?
> THE DEFENDANT: Last night.
> THE COURT: And are you under the influence of any alcohol today?
> THE DEFENDANT: No.
> THE COURT: Since you took that medication last night – what time did you take the medication?
> THE DEFENDANT: 8 o'clock, 9.
> THE COURT: As you're sitting here now, are you clearheaded?

4

THE DEFENDANT: Yes.

THE COURT: Do you understand what's happening here in court?

THE DEFENDANT: Yes, I do.

THE COURT: How are you feeling physically right now?

THE DEFENDANT: Good. . . .

THE COURT: And are you ready to enter a plea today?

THE DEFENDANT: Yes.

App'x at 48-50. Judge Aaron asked Boria's counsel and the government if they had "any objections to [Boria's] competence to plead at this time," and both said no. *Id.* at 50. The court then proceeded with the plea colloquy, during which Boria cogently answered the district court's questions. At the end of the proceeding, the court found that Boria "underst[oo]d the nature of the charges against" him and had made the plea "voluntarily and knowingly." *Id.* at 65. Judge Abrams accepted the plea and sentenced Boria to a mandatory term of 15 years.

Boria requested that his counsel appeal the judgment and sentence against him, but his counsel failed to file a timely notice of appeal. The district court thus found that his counsel provided ineffective assistance and held another hearing, at which it vacated the judgment and sentence and re-entered it so that Boria could file an appeal.[1] Boria timely appealed the amended judgment.

---

[1] At that hearing, Boria's counsel said that "Boria has at times been without his medication [in prison] and I will attest to the Court that . . . his meds are incredibly helpful to him." App'x at 101. Boria's counsel thus requested that the district court include in its amended judgment a recommendation that the Bureau of Prisons ensure Boria consistently receives all his medications, and the court did so.

## II. DISCUSSION

Boria argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure and his constitutional rights because it failed to inquire adequately into the types of medication he took, their side effects, and their impact on him. We disagree.

We review for plain error because Boria did not raise this objection to the district court. *United States v. Adams*, 768 F.3d 219, 223 (2d Cir. 2014). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

### A. The District Court Did Not Err

Under Federal Rule of Criminal Procedure 11, before "the court accepts a plea of guilty . . . the court must address the defendant personally in open court" and "must inform the defendant of, and determine that the defendant understands . . . [his] waiver of [his] trial rights . . . [and] the nature of each charge" to which he is pleading guilty. Fed. R. Crim. P. 11(b)(1)(F)-(G). Rule 11 "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *Rossillo*, 853 F.2d at 1065 (quotations omitted).

To ensure "strict compliance with Rule 11," "if there is *any* indication . . . that [a] defendant is under the influence of any medication, drug or intoxicant, it is incumbent upon the district court to explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty." *Id.* at 1066. The "critical question" in this inquiry "is whether the drugs—if they have a capacity to impair the defendant's ability to plead—have in fact done so on this occasion." *United States v. Savinon-Acosta*, 232 F.3d

6

265, 268 (1st Cir. 2000). We review the "totality of the relevant circumstances" to evaluate the "voluntariness of a guilty plea." *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006).

We have twice vacated convictions based on a district court's failure to inquire adequately into the effects that medications had on a defendant's ability to plead guilty. First, in *Rossillo*, the district court asked defendant if he was "under the influence of any drug, alcohol or other intoxicants." 853 F.2d at 1064. But it "never received a definitive 'yes' or 'no' answer from defendant," and instead simply acknowledged that the defendant had a heart condition. *Id.* at 1064-65. We vacated the plea because the district court failed to "determine[] the voluntariness of the guilty plea based upon on-the-record responses to its questions," and instead "assumed that defendant's condition did not interfere with his mental capabilities." *Id.* at 1065.

Second, in *United States v. Yang Chia Tien*, the defendant told the district court that he took "medication for blood pressure, diabetes, and pain," and that "he understood only fifty percent of what was happening." 720 F.3d 464, 466, 469 (2d Cir. 2013). He responded, "yeah" when asked "whether his medications affected his ability to 'hear or think,'" and said "no" when "asked again whether [he] understands the court." *Id.* at 469-70 (cleaned up). We concluded that this exchange "should have caused the district court to conduct further investigation into whether [defendant] understood the proceedings." *Id.* at 469. And we vacated the plea because there was "no indication that after the district court learned that [defendant] took medications, it endeavored to ascertain whether they could impact his ability to proceed." *Id.* at 470. We also vacated a subsequent plea involving the same defendant because the

7

district court "failed to ask any questions about the medicine [defendant] was taking." *Id.* at 471.

Here, in contrast, the district court *did* "endeavor[] to ascertain" whether Boria's medications "could impact his ability to proceed," *id.* at 470, and it *did* "determine[] the voluntariness of the guilty plea based upon on-the-record responses to its questions," *Rossillo*, 853 F.2d at 1065. It asked Boria, "As you're sitting here now, are you clearheaded?" and "Do you understand what's happening here in court?" and Boria answered both questions affirmatively. App'x at 49-50. The court also asked the government and Boria's counsel if they had objections to Boria's competency, and both said no. We see no red flags in the record that suggest Boria did not "understand the nature and consequences of his decision to plead guilty" during the plea hearing. *Rossillo*, 853 F.2d at 1066. Considering the "totality of the relevant circumstances," *Hanson*, 442 F.3d at 798, the district court's inquiry satisfied its Rule 11 obligation.[2]

--------

[2] Several of our sister circuits have reached the same conclusion based on similar records. *See, e.g.*, *Savinon-Acosta*, 232 F.3d at 269 (district court made "no error in accepting the plea" when defendant said his medication did not affect his ability to understand the district court, and defendant's answers during the plea "bore out the defendant's claim of clearheadedness"); *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012) (affirming when district court "asked whether [defendant] was sober and understood what he was doing," defendant "responded in the affirmative," and "the government and defense counsel [had] an opportunity to raise issues about the competency of the defendant's guilty plea, but neither did"); *United States v. Hardimon*, 700 F.3d 940, 942 (7th Cir. 2012) (affirming when district court "asked [defendant] whether he could think clearly, and he had said he could, which implies that he didn't think his medications were affecting his ability to think clearly," and defendant had been "alert and responsive and exhibited no signs of confusion" at the plea hearing); *United States v. Dalman*, 994 F.2d 537, 538-39 (8th Cir. 1993) (affirming when, after defendant said he "was taking four different types

Boria argues that the district court should have asked him about the "side effects" of his medications, pointing to our observation in *Yang Chia Tien* that the district court there made no "on-the-record finding as to the side effects of [defendant's] medications and whether they interfered with his understanding of the proceedings." 720 F.3d at 470. We agree that a district court must ask questions about the side effects of a medication that are relevant to a defendant's ability "to understand the nature and consequences of his decision to plead guilty." *Rossillo*, 853 F.2d at 1066; *see also Yang Chia Tien*, 720 F.3d at 471 ("[W]hen a court learns that a defendant is on medications, it must determine on the record that they are not interfering with the defendant's understanding of the plea."). For instance, a district court may ask whether the medication has affected the clarity of a defendant's thinking or a defendant's ability to understand the proceeding. But the district court made that inquiry when it asked Boria whether he felt "clearheaded" and understood "what's happening here in court."

_____

of pills, the prescription names of which he could not recall," the court asked defendant "whether he understood what was happening 'right now,'" and defendant said yes, and there was "nothing in the record to indicate that [defendant] was not fully in possession of his faculties during the proceedings"). And we have reached similar conclusions in summary orders. *See, e.g., United States v. Re*, 682 F. App'x 33, 35-36 (2d Cir. 2017) (affirming on plain error review when district court "questioned [defendant] about both his psychiatric treatment and his medication, as well as the effect of those medications on defendant's mental state," defendant's responses "were not such as to undermine the court's finding that he was competent," and defendant's attorneys said they believed defendant was competent); *United States v. Brooks*, 756 F. App'x 52, 56 n.1 (2d Cir. 2018) (affirming when district court "asked [defendant] whether the medications impacted her ability to understand the proceedings . . . [and defendant] confirmed that they did not," and defendant said "that she was entering the plea voluntarily and that she understood her rights").

9

App'x at 49-50. Boria's answers indicated that his medications were "not interfering with [his] understanding of the plea." *Yang Chia Tien*, 720 F.3d at 471. So the district court's inquiry correctly focused on Boria's ability during the plea "to understand the nature and consequences of his decision to plead guilty," *Rossillo*, 853 F.2d at 1066, and it did not need to inquire further about the side effects of Boria's medications.

## B. There Was No Effect on Boria's Substantial Rights

A "defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Boria has not shown that reasonable probability.

Instead, Boria argues that he does not need to establish prejudice because this error was "structural." That is incorrect. "[S]tructural errors are a very limited class of errors that affect the framework within which the trial proceeds," *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal quotations omitted), and the "omission of a single Rule 11 warning without more is not colorably structural," *Dominguez Benitez*, 542 U.S. at 81 n.6. We thus require a showing of prejudice to establish "plain error" under Rule 11, even when the error relates to the court's duty to ensure a defendant has made a voluntary plea. *See Adams*, 768 F.3d at 223 (finding no plain error because defendant "has not demonstrated any reasonable probability that he would not have pleaded guilty"); *cf. Yang Chia Tien*, 720 F.3d at 471 (finding plain error because "there is a reasonable probability that [defendant] would not have entered the plea if [defendant's] medications and comprehension had been properly examined").

10

### III. CONCLUSION

The district court did not err and Boria established no prejudicial effect on his substantial rights. We affirm the judgment of the district court.

LOHIER, *Circuit Judge*, concurring:

I concur in Part II.B of the majority opinion, which fully resolves this appeal based on Boria's failure to demonstrate prejudice on plain error review. As Part II.B explains, Boria has not shown a reasonable probability that he would not have entered his plea but for the District Court's purported Rule 11 error. In my view, nothing more needs to be said.