16-4083-cr
United States v. Coffin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
　　　　　　REENA RAGGI,
　　　　　　PETER W. HALL,
　　　　　　　　　　*Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　　　　　*Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　No. 16-4083-cr

JOHN COFFIN, AKA "Body"

　　　　　　　　　　*Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:　　DANIELLE NERONI REILLY, Law Offices of Danielle Neroni, Albany, New York.

APPEARING FOR APPELLEE:　　PAUL D. SILVER, Assistant United States Attorney (Wayne A. Myers, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 30, 2016, is VACATED and the case REMANDED for further proceedings consistent with this order.

Defendant John Coffin appeals from a judgment of conviction based on his guilty plea to Count Two of a superseding indictment charging him with "Possession of [a] Firearm and Ammunition in Furtherance of [a] Drug Trafficking Crime," App'x 21, for which he was sentenced to 125 months' incarceration. On appeal, Coffin argues that (1) his guilty plea was not knowing, voluntary, or intelligent and lacked a sufficient factual basis; and the district court violated Fed. R. Crim. P. 11 by failing to ensure that he understood the nature of the charge against him; (2) the superseding indictment did not sufficiently allege a nexus to interstate commerce as required by 18 U.S.C. § 922(g)(1); and (3) his above-Guidelines sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

The superseding indictment, plea agreement, and judgment all identify 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A) as the statutes violated by Coffin's possession of a firearm in furtherance of a drug trafficking crime. As the government now concedes, such firearm possession violates only § 924(c)(1)(A). Section 922(g)(1) prohibits firearm possession by a convicted felon, the crime charged in Count One of the indictment, to which the government concedes Coffin did not plead guilty. Nevertheless, for reasons to

2

be discussed, Coffin maintains on appeal that he stands convicted under both 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A).

Following his initial not guilty plea as to both counts, Coffin entered into a plea agreement which contemplated a guilty plea to Count Two of the superseding indictment. As part of that plea agreement, Coffin attested to certain facts that, if true, would constitute a violation of the charge in that count, 18 U.S.C. § 924(c)(1)(A).

The district court convened a change of plea hearing, at which Coffin affirmed that he had read the superseding indictment and the plea agreement and that he went over the latter with his attorney and that he understood it. Upon that affirmation, the district court stated: "I will incorporate the terms of the plea agreement into the record of these proceedings." App'x 47. The district court discussed the consequences of Coffin's plea and the appellate waiver, and then ensured that Coffin's plea was voluntary. Finally, the district court turned to the factual basis of the plea and Coffin's understanding of such. Rather than stating any facts on the record, however, the district court stated as follows:

> [Y]our plea agreement, in paragraph 5 on page 4, lays out the factual basis for your plea. I see a copy of the plea agreement before I ever come on the bench. I've already read paragraph 5. If those facts are true, they would support your plea to the second count of the indictment. I know you've signed the plea agreement indicating the facts are true, but I like to make certain at this point that you agree. Are those facts recited in paragraph 5 true?

App'x 54. Coffin responded: "Yes, sir." App'x 55. The district court accepted the plea.

Rule 11 requires that a district court, before accepting a plea of guilty, "determine that the defendant understands . . . the nature of each charge to which the defendant is

3

pleading."[1]  Fed. R. Crim. P. 11(b)(1)(G); *see United States v. Martinez*, 862 F.3d 223, 245 (2d Cir. 2017) (recognizing that a district court must "determine by some means that the defendant actually understands the nature of the charges" (internal quotation marks omitted)).  A reviewing court assessing whether a defendant understood the charge to which he pled guilty "is entitled to consider the entire record," *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997), and, considering the record in this case, we cannot conclude that Coffin understood either the full nature of the crime to which he pled, or, even, the crime(s) at issue in his plea proceeding.

*First*, the record is inadequate to establish that Coffin was sufficiently aware of each element of 18 U.S.C. § 924(c)(1)(A), the only crime to which the government asserts Coffin pled guilty.  Most notably, the record does not establish a sufficient basis to conclude Coffin knew he was pleading to the fact that the firearm found in his apartment was used "in furtherance of" drug trafficking.  Rather, the district court only asked whether Coffin reviewed and understood the plea agreement, which itself described the furtherance element and its factual basis, and then inquired whether Coffin "went over [the] plea agreement" with his counsel and if counsel was "able to answer [his] questions." App'x 47.

Although we have never concluded that Rule 11 always requires a sentencing court to ensure that a defendant allocute in open court to each element of a crime to which he pleads, *see United States v. Parkins*, 25 F.3d 114, 118 (2d Cir. 1994), we have

---

[1] The government contends that Coffin's challenges to his conviction are precluded by the appeal waiver in his plea agreement.  The argument fails because, to the extent Coffin argues error in the process leading to his plea because he did not understand the nature of the charge against him, he raises an argument not barred by his appellate waiver. *See United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006).

4

always required that the district court ensure itself that the defendant understood each element of the charge, *see United States v. Blackwell*, 199 F.3d 623, 626 (2d Cir. 1999). It will be the rare case where a district court's simple incorporation of facts contained in a plea agreement, without more, satisfies this strict obligation.

The pitfalls of the district court's "incorporation" strategy are manifest in the instant case. Although the plea agreement stated that the firearm found in Coffin's apartment was used in furtherance of drug trafficking, Coffin disputed that fact throughout the proceedings. For example, he argued in his sentencing memorandum that the firearm was simply an antique collectible rifle passed down from his father, and the pre-sentence report identifies Coffin as stating, after the plea agreement was executed, that the rifle was for protection in light of recent burglaries. It is not apparent that Coffin would have made these assertions if he understood that he had already stipulated to the fact that the firearm was used for drug trafficking. At the least, the district court should have used the plea allocution to clarify whether Coffin understood this element of the crime. Having instead "incorporated" the facts of the plea agreement into the record, the district court left this ambiguity unresolved, and thereby committed reversible error.

Although Rule 11 does not instruct district courts "precisely *how*" to ensure that defendants understand the nature of the charges "in the great variety of cases that come before them," *United States v. Torrellas*, 455 F.3d 96, 102 (2d Cir. 2006) (alteration and

5

internal quotation marks omitted), the practice followed here, which district courts are well-advised to avoid, was clearly deficient.[2]

*Second*, the record shows that Coffin was also understandably confused as to which crime(s) he was pleading. It is apparent that Coffin believed that he pled to a violation of 18 U.S.C. § 922(g)(1), which, the government concedes, he did not. The government's position that the reference to § 922(g)(1) is a "typographical error in the indictment," and an "error[] amounting to surplusage," is untenable. For one, § 922(g)(1) is listed not only in the superseding indictment, but twice in the plea agreement, in Coffin's pre-sentence report, and in the judgment. And, Coffin subsequently asserted twice in his post-plea sentencing memorandum (and thus through counsel) that he pled guilty to § 922(g)(1), and then did so personally at the sentencing hearing. Coffin's confusion continues on appeal, where he argues that his conviction should be vacated for failure to allege that the firearm found in his apartment has a nexus to interstate commerce. The firearm's interstate commerce requirement, however, applies only to § 922(g)(1), and not to § 924(c)(1)(A).

A district court does not satisfy its Rule 11 obligations where it wholly omits allocution as to the facts or elements of a crime in the face of the conspicuous confusion that characterizes the present record. Because it is apparent from the record that Coffin's

---

[2] We take special pause with the district court's statement on the record that the approach it took here is "routine in the way in which I take a plea." App'x 79. Reading the elements of a crime to a defendant during the allocution "is not a difficult task." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016). We have recently expressed our regret that failure to adhere to Rule 11 is a "recurring issue," *id.* at 503, and stated that we presume any flexibility district courts have to devise their own allocution procedures assumes that "the essential rights in Rule 11 *will* be covered in the plea colloquy, and [that] judges can assure that by devising their own scripts." *Id.* at 503 n.3. We would avoid issues such as those we resolve today if the elements of the at-issue crime were a standard part of such scripts.

confusion about the elements and statutes at issue "affected [his] decision-making calculus," *United States v. Harrington*, 354 F.3d 178, 184 (2d Cir. 2004), the government failed to meet its burden to establish that the identified errors were "harmless beyond a reasonable doubt," *United State v. Yang Chia Ten*, 720 F.3d 464, 469 (2d Cir. 2013).

In sum, the record does not permit us to conclude that Coffin understood the nature of the charge against him, an error the government did not prove to be harmless, and, therefore, we are compelled to VACATE the judgment and REMAND for further proceedings consistent with this order.[3]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Because we vacate Coffin's conviction on this ground, we need not reach his remaining arguments.

7