United States v. Coffin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of October, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
                   STEVEN J. MENASHI,[1]
                             *Circuit Judges.*

_____

United States of America,

   *Appellee,*

  v.          No. 19-1669

John Coffin,

   *Defendant-Appellant.*[2]

---

[1] Senior Circuit Judge Ralph K. Winter, originally a member of the panel, is currently unavailable, and the appeal is being adjudicated by the two available members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

[2] The Clerk of Court is directed to amend the official caption to conform to the above.

_____

*For Appellee*: Wayne A. Meyers, Paul D. Silver, Assistant United States Attorneys, *for* Antoinette T. Bacon, United States Attorney for the Northern District of New York, Syracuse, NY

*For Defendant-Appellant*: James M. Branden, New York, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant John Coffin appeals from a judgment entered May 22, 2019, by the district court (McAvoy, J.), sentencing him to a term of imprisonment of 120 months. A jury convicted Coffin of possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

# Background

The FBI received information from a confidential source regarding the drug trafficking activities of senior Bloods gang members, including John Coffin, in Schenectady, New York. The informant also confirmed that Coffin was involved in firearm and drug trafficking in Schenectady.

Following an FBI investigation, Coffin was arrested and charged with two crimes: possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A) (Count 2). On August 4, 2016, pursuant to a written plea agreement, Coffin pleaded guilty to Count 2. On November 28, 2016, the district court sentenced Coffin principally to a 125-month term of imprisonment. This court, however, vacated that judgment and remanded the case to the district court. *United States v. Coffin*, 713 F. App'x 57 (2d Cir. 2017). We ruled that the district court did not satisfy its obligation under Rule 11 of the Federal Rules of Criminal Procedure because it wholly omitted allocution as to the facts or elements of a crime in the face of conspicuous confusion.

On remand, after proceeding pro se for months, Coffin requested the appointment of counsel immediately before the commencement of trial. The district court granted Coffin's request and appointed then-standby counsel to represent him. A five-day trial ensued from October 29 to November 2, 2018. At the close of the trial, the jury returned a verdict of guilty on Count 1 and not guilty on Count 2.

On May 14, 2019, the district court sentenced Coffin. The district court ruled that it would not sentence Coffin as an armed career criminal. The court concluded that Coffin's Guidelines imprisonment range was 92 to 115 months and that the statutory maximum term of imprisonment for Coffin's offense of conviction was 10 years. After detailing its consideration of the relevant factors under 18 U.S.C. § 3553(a), the court imposed an above-Guidelines sentence of 120 months of imprisonment followed by a three-year term of supervised release.

**Discussion**

Coffin argues that he was denied effective assistance of counsel because the district court denied his motion for a continuance in response to an unexpectedly large delivery of discovery documents. The core of Coffin's complaint is that the

4

district court abused its discretion by denying the motion for a continuance made immediately before trial. We therefore address whether the district court abused its discretion in refusing to postpone the trial.

A decision to grant or to deny a request for an adjournment is reviewed for abuse of discretion, and we "will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013) (internal quotation marks omitted).

Coffin represented himself pro se from February through October 28, 2018. On October 29, 2018, Coffin's standby counsel, Brian Devane, informed the court that Devane had given Coffin, then in jail, 677 double-sided pages of discovery documents on October 25. The volume of documents apparently convinced Coffin that he could not continue representing himself pro se. As Devane prepared to leave the jail, Coffin said that he "might ask for you [Devane] to be my [Coffin's] attorney." App'x 56. Devane noted to the district court that Coffin's request represented a shift in Coffin's attitude toward Devane; Coffin had previously been resolved to represent himself. Devane said that it would be "problematic" for Devane, as standby counsel, to try the case before a jury "this week" given the

volume of documents. *Id.* He requested a continuance to delay the trial. The prosecutor had no objection.

The district court denied the motion for a continuance. The district court stated that it had set aside the week for a trial and was reluctant to adjourn the case when preparations had been made, though it did not otherwise identify difficulties that would be occasioned by a delay. *Cf. Morris v. Slappy*, 461 U.S. 1, 11 (1983) (noting that difficulties in "assembling the witnesses, lawyers, and jurors at the same place and the same time" may justify the denial of a request for a continuance).

Coffin claims that the district court's denial of a continuance prejudiced his case because the government's case depended on a confidential informant who was called to testify immediately after the jury was sworn. Devane had limited time to review the confidential informant's material and to discuss points of cross-examination with Coffin. Coffin argues that "[a] thought-through and searing cross-examination could have made all the difference." Appellant's Br. 15.

Coffin fails to establish, however, that Devane's cross-examination of the confidential informant was ineffective. On cross-examination, the confidential

informant admitted to being a career criminal, a drug dealer, and a parole violator who had lost count of the number of times he had been arrested and who would "snitch" on his childhood friend of "20, 30 years" in exchange for $55,000 and the chance of a reduced sentence. App'x 145-50. He further admitted that he had lied to the police about his age and had "used a lot of different names." *Id.* at 147. Coffin does not identify any information that defense counsel could have, but failed to, raise on cross-examination of the confidential informant. For that reason, we conclude that the denial of a continuance did not prejudice Coffin by reason of an ineffective cross-examination of the confidential informant.

Even had counsel's cross-examination been less effective, Coffin's case would not have been substantially impaired. The government offered considerable evidence that Coffin was a felon in possession of a firearm. The government provided videos of Coffin's meetings with the confidential informant on four occasions. In one video, Coffin possesses two firearms, displays familiarity with both, and discusses which of the two he would be willing to sell to the confidential informant. Another video shows Coffin providing a handgun and ammunition to the confidential informant; the handgun was later admitted into

7

evidence. A recording of Coffin's confession to the FBI that he sold the handgun to the confidential informant was also admitted into evidence. Given this proof of Coffin's guilt, the jury's determination cannot be attributed to his counsel's performance, let alone the lack of a continuance.

Indeed, Coffin's counsel was demonstrably effective. Even though evidence indicated that Coffin had dealt marijuana, Devane convinced the jury to acquit Coffin on Count 2—the count to which Coffin had previously pleaded guilty. Defense counsel also successfully argued that Coffin should not be sentenced under 18 U.S.C. § 924(e) as an armed career criminal. Because the record establishes that the district court's denial of a continuance did not substantially impair Coffin's case, the district court did not abuse its discretion in denying Coffin's request for an adjournment of the trial.

For the same reasons, Coffin cannot establish that his counsel's performance fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

We have considered Coffin's remaining arguments, which are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court