**UNITED STATES of America,**
**Appellee,**

v.

**Danny DAVIS, Defendant–Appellant.**

**Docket No. 01–1457.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2002.

Michael P. Beys, Assistant United States Attorney; Alan Vinegrad, United States Attorney for the Eastern District of New York, on the brief; Emily Berger, Assistant United States Attorney, of counsel, Brooklyn, NY, for Appellee.

Robert L. Moore, Hempstead, NY, for Appellant.

Present MINER, SOTOMAYOR and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District for the Eastern District of New York (Friedman, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Danny Davis appeals from an August 14, 2001 order of the United States District Court for the Eastern District of New York (Friedman, J.) upholding his guilty plea in a bribery case.

Davis's direct appeal from the judgment of conviction based on his guilty plea has led to two remands by this Court, most recently for an evidentiary hearing on whether counsel's performance at Davis's plea-withdrawal hearing was adversely affected by counsel's actual conflict of interest and, thus, whether Davis is entitled to a presumption of prejudice under *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *United States v. Davis*, 239 F.3d 283, 288 (2d Cir.2001). After a two-day hearing, the

district court found no evidence that counsel had coerced Davis's guilty plea and concluded that Davis had not been denied his Sixth Amendment right to effective assistance of counsel as a result of counsel's refusal to testify at the plea-withdrawal hearing regarding his alleged coercion of his client. This appeal followed.

"Whether a defendant's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo*." *United States v. Schwarz*, 283 F.3d 76, 90–91 (2d Cir.2002). To prove adverse effect for purposes of raising a presumption of prejudice under *Cuyler*, a claimant must point to an actual lapse in representation: "some plausible alternative defense strategy or tactic [that] might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000) (internal quotations and citations omitted). To show adverse effect in this case, Davis essentially must demonstrate that counsel's conflicted silence at the plea-withdrawal hearing resulted from his desire to conceal the fact that he had coerced Davis's plea, *see Lopez v. Scully*, 58 F.3d 38, 41 (2d Cir.1995), rather than from something more innocuous, such as an unwillingness to testify regarding disagreements with Davis over the wisdom of a plea or other legal strategies, *see United States v. White*, 174 F.3d 290, 294–95 (2d Cir.1999). Thus, the inquiry here, as below, "necessarily implicates the merits of the plea withdrawal motion," *Davis*, 239 F.3d at 288.

The district court did not err in concluding that counsel did not coerce the plea. During his plea allocution, Davis admitted his guilt under oath and in his own words, and stated that his plea was free and voluntary, that no threats or untoward promises had been made to induce his plea, and that he was satisfied with the advice of counsel. A "strong presumption of verity" attaches to admissions of guilt at a plea allocution. *United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir.1992) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Although since his guilty plea Davis has consistently protested his innocence of the charges, a claim of innocence is not a basis for withdrawing a guilty plea unless supported by evidence. "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir.2001). Davis's waiting nearly two months before moving to withdraw his plea does not suggest the swift change of heart that can indicate a plea made in haste or confusion. *Gonzalez*, 970 F.2d at 1100.

Davis further alleges that counsel insisted that he plead guilty and threatened that he would not prepare for trial. Yet testimony at the hearing below established that counsel had had numerous discussions with the government about discovery, evidence, and witnesses, had engaged in telephone discussions with Davis, and had met with him on a number of occasions to discuss his case. The district court found, and we have no reason to doubt, that Davis's testimony did not credibly rebut this testimony. *See United States v. Moree*, 220 F.3d 65, 71 (2d Cir.2000) (noting that "commonplace" allegations that a court-appointed attorney "is not paying sufficient attention to his case, has not come to see him in prison, has not undertaken sufficient investigation, is not making necessary motions, is not calling witnesses, or is trying to induce the defendant to plead guilty" do not "*ipso facto* result[ ] in a conflict of interest"). Davis's other conclusory allegations do not suggest that counsel was

doing more than vigorously urging him to accept a plea agreement in a case that, in his legal opinion, was hopeless. *See United States v. Juncal,* 245 F.3d 166, 172 (2d Cir.2001) ("Nor does defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, constitute improper behavior or coercion that would suffice to invalidate a plea."). In short, there were no physical threats, no economic incentives, and no mental pressures that would have rendered Davis incapable of rationally assessing his options. *See id.*

■ Davis also contends that he felt subjectively coerced into pleading guilty by "the extreme unease regarding the prospect of a trial where [he] did not feel 'ready' to proceed ... and the thought of losing something of value to him (his property)...." We need not decide whether this contention is barred by the law of the case doctrine, as the government argues, because we find that it is without merit. Commonplace feelings of being " 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial" are not "valid grounds for withdrawing [a] plea." *Juncal,* 245 F.3d at 174; *cf. Moree,* 220 F.3d at 72 ("The defendant's statement that he was 'scared' [by counsel's advice to take a plea or face a long prison term] is understandable, but is not attributed to any misconduct of his attorney.").

■ To the extent that Davis claims he felt subjectively coerced by forces other than his counsel—notably, the trial court's refusal to grant him a short adjournment to resolve his differences with counsel and to discuss trial preparedness—this argument, too, fails on the merits. "When a guilty plea is challenged as being the product of coercion, our concern is not solely with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the guilty plea." *Iaea v. Sunn,* 800 F.2d 861, 866 (9th Cir.1986); *cf. Miller v. Fenton,* 474 U.S. 104, 115–16, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) ("Although sometimes framed as an issue of 'psychological fact,' the dispositive question of the voluntariness of a confession has always had a uniquely legal dimension.") (internal citation omitted). A motion to adjourn the start of trial is left to the discretion of the trial judge, *United States v. Edwards,* 101 F.3d 17, 19 (2d Cir.1996), and "[t]o show abuse of that discretion, the defendant must demonstrate that the court's denial of a continuance was arbitrary and substantially impaired his defense," *United States v. King,* 762 F.2d 232, 235 (2d Cir. 1985). On the record before us, Davis has not made such a showing.

In sum, Davis has not demonstrated a "fair and just reason" why the trial court should have permitted him to withdraw his guilty plea, Fed.R.Crim.P. 32(e), and has not "raise[d] a significant question about the voluntariness" of the plea, *United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997). We therefore agree with the district court that counsel did not coerce Davis into pleading guilty, and that counsel's conflict of interest at the hearing on Davis's motion to withdraw the plea did not result in unconstitutionally ineffective assistance of counsel.

We have considered Davis's other arguments and find them unpersuasive. Accordingly, the judgment of the district court is hereby AFFIRMED.