17-773-cr
*United States v. Gil-Guerrero*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

————————————————————————————

UNITED STATES OF AMERICA,

              *Appellee,*                          17-773-cr

        v.

BORIS GIL-GUERRERO,

              *Defendant-Appellant,*

              *and*

JULIO SANTANA JOSEPH, FRANCISCO RUBIO
MONTALVO, ANGEL PEREZ AVILES, DEIVY BURGOS
FELIX, CHENGY PADILLA GARO, GUERY GUZMAN
ROSA, DANTE CAMINERO VASQUEZ, SAUL

1

HERNANDEZ BATISTA, MOISES DE LA CRUZ
DECENA, CELSO MIGUEL SARITA, EDWARD CUEVAS
ESCANO, SANTIAGO GUZMAN GONZALEZ, JOSE
ARISMENDY CUESTA ABREU, CARLOS PERDONO
RISARIO, ELINSON REYES ALMONTE, YEURY
AMARANTE ROSARIO, MARIO ANTONIO PLACIDO,
YGNACIO ESTEVEZ MESSON, VICTOR VELASQUEZ
ROCHTTIS, RAFAELA MEDINA, AKA CAROLINA,

*Defendants.*\*

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | STEPHANIE CARVLIN, New York, NY. |
| **FOR APPELLEE:** | ALEX ROSSMILLER, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY. |

Appeal from a March 16, 2017 judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED,** except to the extent that we **VACATE AND REMAND** the cause to the District Court with instructions to modify the forfeiture order.

Defendant Boris Gil-Guerrero ("Gil-Guerrero") appeals from a judgment convicting him, following a guilty plea, of conspiracy to commit extortion, in violation of 18 U.S.C. § 1951; conspiracy to impersonate federal officers, in violation of 18 U.S.C. § 371; and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On September 23, 2016, Gil-Guerrero filed a motion to withdraw his guilty plea, which the District Court denied. On March 16, 2017, the District Court sentenced Gil-Guerrero to fifty months' imprisonment, imposed a $300 mandatory special assessment, and ordered restitution of $860,511.88, jointly and severally, against Gil-Guerrero and

---

\* The Clerk of Court is directed to amend the caption of this case to render defendant's name as "Gil-Guerrero."

2

his co-defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

Gil-Guerrero first argues that the District Court violated Rule 11(b)(2),[1] Fed. R. Crim. P., by failing to adequately determine whether his plea was voluntary. Where a defendant raises a Rule 11 violation in the district court—by objection during the plea proceeding or by motion to withdraw a guilty plea—we review for harmless error. *United States v. Yang Chia Tien*, 720 F.3d 464, 469 (2d Cir. 2013); *cf. United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) ("Where a defendant never sought to withdraw his plea, and did not object at any time or in any way to the alleged Rule 11 violation in the district court, we review his claims on appeal for plain error." (internal quotation marks and brackets omitted)). The Government bears the burden of proving the error was harmless beyond a reasonable doubt. *Yang Chia Tien*, 720 F.3d at 469. "In demonstrating harmless error, it is not enough to negate an effect on the outcome of the case." *Id.* (internal quotation marks omitted).

Gil-Guerrero does not assert that his plea was coerced or that it was the product of mistake or misunderstanding. Rather, he argues that the District Court's standard allocution regarding voluntariness was inadequate in light of the Government's Rule 16 violation.[2] According to Gil-Guerrero, the District Court should have further probed the circumstances underlying his decision to plead guilty. For example, the District Court could have specifically referenced the late disclosure during its plea colloquy. Additionally, the District Court could have explicitly asked Gil-Guerrero whether his plea was "voluntary" even though it had already asked if "anybody made any threats or promises to you, Mr. Gil Guerrero, to induce you to plead guilty?" App. 383.

---

[1] Rule 11(b)(2) provides: "Before accepting a plea of guilty . . . the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." FED. R. CRIM. P. 11(b)(2).

[2] Four days before Gil-Guerrero's trial was scheduled to begin, the Government advised Gil-Guerrero's counsel that it was providing additional Rule 16 material. The untimely Rule 16 production consisted of less than twenty pages of spreadsheets extracted from Gil-Guerrero's cell phone's memory card. App. 495. The spreadsheets listed names, contact information, and drug types for United States residents who had purchased prescription drugs from the Dominican Republic online. *Id.* The Government had previously produced similar lists of customers' names and prescription drugs. *Id.* The only thing "new" about this list was that a copy had been found on Gil-Guerrero's phone. *Id.* at 497. According to Gil-Guerrero, the presence of the list on his personal cell phone "undermined the planned defense that Mr. Gil Guerrero was involved in another fraud but had played no role in the impersonation and extortion scheme." Br. Appellant 24.

Having conducted a *de novo* review of the record, we conclude that while a more thorough colloquy might have been helpful, it is nevertheless clear that Gil-Guerrero's plea was entered voluntarily. Before accepting a plea of guilty, a district court must "determine whether the defendant understands the nature of the charge against him and whether he is aware of the consequences of his plea." *United States v. Rossillo*, 853 F.2d 1062, 1064 (2d Cir. 1988) (internal quotation marks omitted). "The district court must satisfy itself that the defendant is offering the plea voluntarily and that he is competent to understand the nature of the charge, his constitutional rights, and the scope of the penalty provided by law." *Id.* (internal quotation marks omitted). A plea is deemed "voluntary" if it is "not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)).

Here, the District Court firmly established during its plea colloquy that Gil-Guerrero understood the charges and the effect of the plea, that he was competent to enter the plea, that he understood that he could plead not guilty, and that no threats or promises had been made to induce him to plead guilty. App. 376-83. The District Court also confirmed that Gil-Guerrero had helped prepare his plea statement. App. 388. The record further reflects that Gil-Guerrero actively participated in the plea proceeding. For example, when asked whether he understood the Sentencing Guidelines offense level as set forth in the Government's *Pimentel* letter,[3] Gil-Guerrero responded: "I don't agree with him, but I do understand." App. 381. Similarly, when asked if his Criminal History Category was accurate, Gil-Guerrero replied, "I also don't agree with that, as well . . . . [T]hey got offenses there that are way past the time frame," before confirming the accuracy of the convictions included in the *Pimentel* letter. App. 381. Finally, Gil-Guerrero corrected the District Court during its colloquy on potential immigration consequences, reminding the District Court that he had already once been deported from the United States. App. 382-83.

Gil-Guerrero's unequivocal statements affirming the voluntariness of his plea, coupled with his active engagement during the plea proceeding, confirm that he was able to weigh his options rationally and that his guilty plea was not the product of actual or physical harm or mental coercion. As Gil-Guerrero's counsel conceded during oral argument, the fact that the District Court did not specifically use the word "voluntary" during its colloquy does not render an otherwise voluntary plea involuntary. *See, e.g.*, *United States v. Ramos-Mejía*, 721 F.3d 12, 15 (1st Cir. 2013) ("In order to satisfy Rule 11, the district court need not employ a specific script, a set of magic words, or even certain types of inquiries."(internal quotation marks omitted)); *cf. United States v. Sindima*, 488 F.3d 81, 85 (2d

---

[3] The purpose of a *Pimentel* letter is to inform defendants, prior to accepting plea agreements, as to the likely range of sentences that their pleas will authorize under the Sentencing Guidelines. *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991). Such letters help ensure "that guilty pleas indeed represent intelligent choices by defendants." *Id.*

4

Cir. 2007) (holding, with respect to the requirement under 18 U.S.C. § 3553(c) that district courts articulate their reasons for imposing a particular sentence, that "we do not require district courts to engage in the utterance of 'robotic incantations' when imposing sentences."). Accordingly, we conclude that the District Court did not violate Rule 11(b)(2) during the plea proceeding.

## II.

Gil-Guerrero further argues that the District Court "abused its discretion" in denying his motion to withdraw his guilty plea because his plea was not made voluntarily. Under Rule 11, a district court may allow a defendant to withdraw his guilty plea only if the defendant can show a "fair and just reason for requesting the withdrawal." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018) (internal quotation marks omitted). To determine whether a defendant has met this burden, a court should consider:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea.

*Id.* (internal quotation marks omitted). "Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir. 2004)). "The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas." *Rose*, 891 F.3d at 85 (quoting *Schmidt*, 373 F.3d at 103). Allowing withdrawal of guilty pleas "not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *Id.* (quoting *Schmidt*, 373 F.3d at 103).

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *Rivernider*, 828 F.3d at 104 (quoting *Juncal*, 245 F.3d at 170-71). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal brackets, quotation marks, and citation omitted).

On appeal, Gil-Guerrero claims that he felt pressured to plead guilty after the District Court denied his counsel's request for preclusion of the untimely Rule 16 materials or for a one-week delay of trial. Gil-Guerrero maintains that he had insufficient time to consider the consequences of the

Rule 16 disclosure.[4] He further argues that he was unduly influenced by his counsel's statements that his plan to proceed to trial "was no longer viable," that the "whole case had changed," and that "there was no way that [Gil-Guerrero] could go to trial given the new discovery." Br. 33; App. 423.

Gil-Guerrero's conclusory allegations do not suggest that counsel did anything "more than vigorously urg[e] him to accept a plea agreement in a case that, in his legal opinion, was hopeless." *United States v. Davis*, 48 F. App'x 809, 812 (2d Cir. 2002) (summary order). It is well-established that "defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *Juncal*, 245 F.3d at 172. Moreover, Gil-Guerrero did not assert his legal innocence before the District Court, and he waited approximately four months after his February 22, 2016 plea hearing—and after he had received the Probation Department's Pre-Sentence Report—to file a motion to withdraw.[5] *See United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) ("Whereas a 'swift change of heart' may indicate a plea made in haste or confusion, the fact that the defendant waited five months to file his motion strongly supports the district court's finding that his plea was entered voluntarily." (internal brackets, quotation marks, and citation omitted)). Accordingly, we find no error, much less abuse of discretion, in the District Court's denial of Gil-Guerrero's motion to withdraw his guilty plea.

---

[4] Insofar as Gil-Guerrero seeks to challenge the District Court's denial of his motion to preclude the untimely Rule 16 evidence or, in the alternative, for an adjournment of trial, such arguments are precluded by Gil-Guerrero's decision to plead guilty. *See United States v. Pattee*, 820 F.3d 496, 508 (2d Cir. 2016) ("[T]he right to appeal the denial of an earlier suppression motion is waived by a guilty plea unless the right to appeal is specifically reserved."); *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996) ("A knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings."); FED. R. CRIM. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.").

[5] Gil-Guerrero initially filed an uncounseled letter motion dated June 29, 2016—which was received by the District Court on July 12, 2016—requesting that the court appoint new counsel and allow him to withdraw his guilty plea pursuant to Rule 11(d)(2)(B), Fed R. Crim. P. At a conference on July 20, 2016, the District Court appointed new counsel for Gil-Guerrero. Gil-Guerrero then filed a counseled motion to withdraw his guilty plea on September 23, 2016.

III.

Gil-Guerrero's final argument on appeal, raised for the first time in his reply brief,[6] is that the imposition of joint and several forfeiture liability under 18 U.S.C. § 981(a)(1)(C)[7] should be vacated and remanded in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). In *Honeycutt*, the Supreme Court held that a defendant cannot be held jointly and severally liable under 21 U.S.C. § 853(a)(1) for property that his co-conspirator derived from the crime but that the defendant himself did not acquire. On November 7, 2018, we entered an order inviting the parties to submit letter briefs addressing whether *Honeycutt*'s ruling applies equally in all respects to forfeiture orders under 18 U.S.C. § 981(a)(1)(C). In its supplemental brief, the Government concedes that "the reasoning of *Honeycutt*—insofar as it rejects joint and several liability as a basis for forfeiture—also applies to forfeiture under 18 U.S.C. § 981(a)(1)(C)."[8] Gov't Suppl. Br. 2. Accordingly, we vacate the forfeiture order and remand to the District Court to determine the amount Gil-Guerrero can be properly ordered to forfeit under 18 U.S.C. § 981(a)(1)(C).

---

[6] We ordinarily do not consider an argument raised for the first time in an appellant's reply brief. *United States v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir. 2008). Here, however, we have given the Government an opportunity to respond to Gil-Guerrero's otherwise waived argument. *See* Order, *United States v. Gil-Guerrero*, No. 17-773-cr (2d Cir. Nov. 7, 2018), ECF No. 109.

[7] Section 981(a)(1)(C) subjects the following property to forfeiture: "Any property, real or personal, which constitutes or is derived from proceeds traceable to [certain enumerated violations of Title 18 of the United States Code] or any offense constituting 'specified unlawful activity' . . . or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C).

[8] In light of the Government's concession, we need not here decide whether *Honeycutt*'s reasoning applies equally in all respects to forfeiture orders under 18 U.S.C. § 981(a)(1)(C). *Compare United States v. Sexton*, 894 F.3d 787, 799 (6th Cir. 2018) (holding that *Honeycutt* does not apply to forfeiture under 18 U.S.C. § 981(a)(1)(C)), *with United States v. Gjeli*, 867 F.3d 418, 427-28 (3d Cir. 2017) (holding the opposite).

## CONCLUSION

We have reviewed all of the arguments raised by Gil-Guerrero on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 16, 2017 judgment of the District Court, except to the extent that we **VACATE AND REMAND** the cause to the District Court with instructions to modify the forfeiture order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk